UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CYNTHIA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-00117 (UNA) |
| | ) | |
| | ) | |
| THE COMMUNITY PARTNERSHIP, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine

whether the doctrine of *res judicata* applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a District of Columbia resident, has sued The Community Partnership located in the District of Columbia.  In the one-page complaint seeking $20 billion, Plaintiff claims fraud, breach of contract, and violations of "all Constitutional Rights including Slave Act[,] Human Rights Act[,] Disabilities Act[,] Rehabilitation Act[,] Fair Housing Act[,] [and] discrimination Act."  Plaintiff refers to "signatures of my name" and the acceptance of "[b]ribes in exchange for all" of her and her family's information.  Such cryptic allegations, unsupported by non-conclusory factual allegations, "patently fail" Rule 8's pleading standard.  *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017); *see id*. (finding inadequate "a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments") (citation omitted)).  The Court will, accordingly, dismiss the complaint pursuant to Rule 8.

A separate order will issue.

Date: March 13, 2024

/s/
RANDOLPH D. MOSS
United States District Judge